In re STATE QUESTION NO. 343, INITIATIVE PETITION NO. 248.

HOLLOMON et al. v. WILLIAMSON, Atty. Gen.

No. 34173.   June 28, 1949.

*207 P. 2d 924.*

David C. Shapard, of Oklahoma City, for plaintiffs and appellants.

Mac Q. Williamson, Atty. Gen., for defendant and appellee.

ARNOLD, V.C.J.   Pertinent to the issues presented on this appeal from

the title prepared and submitted to the Secretary of State by the Attorney General for use in submitting to the voters State Question No. 343 (Initiative Petition No. 248) the facts are: Said initiative petition was circularized and deposited with the Secretary of State, who, as provided by law, found same sufficient. The proposed Constitutional Amendment (said State Question No. 343) is as follows:

"Be it Enacted by the People of the State of Oklahoma; Repeal of Prohibition Amendment and Providing for Restrictions on the Manufacture, Sale and Distribution of Intoxicating Liquors.

"Section 1. The Prohibition Ordinance and Article 1, Section 7, of the Constitution of the State of Oklahoma, are hereby repealed.

"Section 2. The Legislature shall enact laws for the strict regulation, control, licensing and taxation of the manufacture, sale and distribution of intoxicating liquors.

"Section 3. The sale of intoxicating liquors to minors is hereby prohibited.

"Section 4. The sale of intoxicating liquors on Sundays is hereby prohibitted.

"Section 5. The open saloon for the sale of intoxicating liquors is hereby forever prohibited. The Legislature shall have the power and it shall be its duty to define the term 'open saloon' and enact laws against such."

34 O. S. 1941 §9 requires that the proponents of such a measure shall prepare and file one copy of same with the Secretary of State and one copy with the Attorney General, such copies to contain a ballot title of not exceeding 100 words which shall contain the gist of the proposition without any argument or statements either for or against such measure. A title purporting to be in conformity with these requirements of this section was so submitted by the proponents of the measure.

Within three days after the filing of such copy and ballot title with the At-

torney General, he shall notify the Secretary of State in writing whether or not such proposed title is in legal form and in harmony with the law. Should the Attorney General determine that the title presented does not conform to the foregoing dictates of said section, it is his duty within said three days to prepare and file a title which does conform to the law. The Attorney General determined that the title proposed by the proponents of the measure should be disapproved and he did disapprove same and did prepare, as it was his duty under such circumstances to do, a title which in his judgment did conform to the requirements of law and filed same as required with the Secretary of State. The title prepared and so submitted by him, omitting the formal parts, reads as follows:

"Shall a proposed amendment to the Constitution of Oklahoma repealing the Prohibition Ordinance and Article 1, Section 7 of the Constitution of the State of Oklahoma; directing the legislature to enact laws for the strict regulation, control, licensing and taxation of the manufacture, sale and distribution of intoxicating liquors; prohibiting the sale of intoxicating liquors to minors and on Sundays; forever prohibiting the open saloon for the sale of intoxicating liquors; and empowering and directing the legislature to define the term 'open saloon' and to enact laws against the same, be approved by the people?"

The opponents of the measure, appellants here, not being satisfied with the wording of the ballot title prepared and filed in the office of the Secretary of State by the Attorney General, appeal to this court by petition, and offer, as required by statute of an appellant under the circumstances, a substitute ballot title.

34 O. S. 1941 §9, alluded to by appellants, provides with reference to the measure to be submitted:

"Such copies to contain a ballot title of not exceeding 100 words, which shall contain the gist of the proposition without any argument or statement either for or against such measure."

By the provisions of section 9, supra, hereinbefore referred to, the Legislature placed the duty on the Attorney General under the circumstances detailed of preparing a title to the measure in question which states without argument or statement for or against the measure the gist or substance of the measure. This duty he undertook to perform and if the title submitted by him is within the brief word limitation and fairly states the substance of the proposition, it is our duty, under section 10, Id., to approve same. In this connection, it is noted that no objection is made to any part of the title prepared and submitted by the Attorney General except these latter portions thereof:

"forever prohibiting the open saloon for the sale of intoxicating liquors; and empowering and directing the Legislature to define the term 'open saloon' and to enact laws against the same."

The form and wording of the foregoing phrases of the title are practically identical with the sentences of section 5 of the amendment. The title contains the substance of the provisions of section 5 and could not be in law misleading as to the contents of that section although the construction placed thereon by individual voters might differ.

A reading of the ballot title prepared by the Attorney General in comparison with the Act itself demonstrates that the title contains "the gist of the proposition without any argument or statement either for or against such measure," as provided by the cited statute. See In re State Question 171, Initiative Petition No. 116, 157 Okla. 119, 11 P. 2d 160; In re State Question 170, Initiative Petition No. 115, 157 Okla. 121, 11 P. 2d 161; In re State Question 236, Referendum Petition No. 73, 183 Okla. 467, 83 P. 2d 572.

Since the title prepared and submitted by the Attorney General fairly states the gist of the proposed amendment without deception or argument for or against the proposition, it is our duty to, and we do, approve same.

It being our duty to approve the title prepared and submitted by the Attorney General, it is not necessary to set forth in this opinion or comment upon the proposed titles submitted by either proponents or opponents of the measure.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.

O'NEAL, J. (dissenting). I dissent.

While I find no particular fault with the law as expressed in the syllabus, it, in substance, states the law but, in my opinion, the law as expressed in the syllabus is not properly applied to the situation before us in this case.

The ballot title prepared by the Attorney General and approved by the court, in my opinion, is not in compliance with the terms of 34 O.S.A. 1941 §9.

The use of the word "forever", appearing in the fourth clause of the title, emphasizes section 5 of the proposed Constitutional Amendment in that it has the effect of stressing and drawing special attention to said section.

While, in my judgment, argumentative or emphasizing matter ought not to be included in an initiated measure, there is nothing in the statutes prohibiting it, and it may be included in the measure itself; but such matter may not be included in the ballot title of the measure because of the express prohibition of 34 O.S.A. 1941 §9 governing ballot titles to initiated measures.

In a situation of this kind, emphasis is tantamount to argument, and, under the Constitution governing ballot titles to initiated measures, there must be no argument whatever. In my opinion, any matter in an initiated measure that is argumentative or has the effect of emphasizing any part of the measure, is within the prohibition of 34 O.S.A. 1941 §9, and may not be included in the title.

Opponents of the proposed Constitutional Amendment submitted to the Attorney General a proposed title to it and urged its approval. It is as follows:

"repealing the Prohibition Ordinance and Article 1, Section 7 of the Constitution of the State of Oklahoma; directing the legislature to enact laws for the strict regulation, control, licensing and taxation of the manufacture, sale and distribution of intoxicating liquors; prohibiting the sale of intoxicating liquors to minors and on Sundays; prohibiting whatever the legislature shall define to be 'an open saloon;' empowering and directing the legislature to enact laws against such."

In my opinion this proposed title is in full compliance with 34 O.S.A. 1941 §9 and is preferable to the title prepared by the Attorney General and approved by this court.

I would approve the title submitted by appellants for the reason that it fairly states the gist of the proposed measure and is free from "any argument or statement either for or against the measure."